UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIM. NO. 1:22-CR-01 |
| v. | : |
| [1] SAMUEL SNADER and | : (Judge Wilson) |
| [2] HECTOR COLON, | : |
| Defendants. | : |

FILED
HARRISBURG, PA
JAN 0 2021
PER _____
DEPUTY CLERK

# INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1
18 U.S.C. § 371
(Conspiracy to Engage in the Business of Dealing and
Manufacturing Firearms Without a License)

From on or about August 5, 2021 and continuing to the present, in Lebanon County, Pennsylvania, within the Middle District of Pennsylvania and elsewhere, the defendants,

**[1] SAMUEL SNADER and
[2] HECTOR COLON,**

knowingly, willfully, and unlawfully conspired and agreed with each other and other persons, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 922(a)(1)(A), Engaging in the Business of Dealing and Manufacturing Firearms Without a License.

## MANNER AND MEANS

a. It was a part and purpose of the conspiracy that Colon and Snader would coordinate for the acquisition of firearm parts for the purpose of manufacturing and dealing Privately Made Firearms (PMFs)

b. It was a part and purpose of the conspiracy that defendant Colon would coordinate with potential buyers for the purchase of firearms.

c. It was further a part and purpose of the scheme that defendant Snader would manufacture PMFs which did not possess serial numbers.

d. It was further a part and purpose of the scheme that Colon would direct the potential buyers to Snader who would personally deliver the firearms in exchange for United States currency.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others were committed by the defendants and others in the Middle District of Pennsylvania and elsewhere:

1. On or about August 30, 2021, Colon coordinated, via telephone, with a potential buyer for the purchase of six PMFs from Snader.

2. On or about August 30, 2021, Snader delivered six PMFs to the buyer in exchange for $6,000 in U.S. currency.

3. On or about September 21, 2021, Colon coordinated, via telephone, with a potential buyer for the purchase of five PMFs from Snader.

4. On or about September 22, 2021, Snader delivered five PMFs to the buyer in exchange for $5,000 in U.S. currency.

5. On or about November 3, 2021, Colon coordinated, via telephone, with a potential buyer for the purchase of eight PMFs from Snader.

6. On or about November 3, 2021, Snader delivered eight PMFs to the buyer in exchange for $8,000 in U.S. currency.

7. On or about November 29, 2021, Colon coordinated, via telephone, with a potential buyer for the purchase of nine PMFs from Snader.

8. On or about December 2, 2021, Snader delivered nine PMFs to the buyer in exchange for $9,000 in U.S. currency.

All in violation of Title 18, United States Code, Section 371.

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 2
18 U.S.C. § 922(a)(1)(A)
(Engaging in the Business of Dealing and
Manufacturing Firearms Without a License)

On or about August 30, 2021, in Lebanon County, within the Middle District of Pennsylvania, the defendants,

**[1] SAMUEL SNADER and
[2] HECTOR COLON,**

aided and abetted by one another, not being licensed dealers and manufacturers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing and manufacturing firearms.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D) and 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability).

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
18 U.S.C. § 922(a)(1)(A)
(Engaging in the Business of Dealing and
Manufacturing Firearms Without a License)

On or about September 22, 2021, in Lebanon County, within the Middle District of Pennsylvania, the defendants,

**[1] SAMUEL SNADER and
[2] HECTOR COLON,**

aided and abetted by one another, not being licensed dealers and manufacturers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing and manufacturing firearms.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D) and 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 4**
18 U.S.C. § 922(a)(1)(A)
(Engaging in the Business of Dealing and
Manufacturing Firearms Without a License)

On or about November 3, 2021, in Lebanon County, within the Middle District of Pennsylvania, the defendants,

**[1] SAMUEL SNADER and
[2] HECTOR COLON,**

aided and abetted by one another, not being licensed dealers and manufacturers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing and manufacturing firearms.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D) and 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability).

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 5**</u>
18 U.S.C. § 922(a)(1)(A)
(Engaging in the Business of Dealing and
Manufacturing Firearms Without a License)

On or about December 2, 2021, in Lebanon County, within the Middle District of Pennsylvania, the defendants,

**[1] SAMUEL SNADER and
[2] HECTOR COLON,**

aided and abetted by one another, not being licensed dealers and manufacturers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing and manufacturing firearms.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D) and 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability).

## THE GRAND JURY FURTHER CHARGES:

### FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d)(1), and Title 28, United States Code, Section 2461.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d)(1), and Title 28, United States Code, Section 2461, upon conviction of the offenses in violation of Title 18, United States Code, Sections 371 and 922(a)(1)(A), the defendants,

**[1] SAMUEL SNADER, and**
**[2] HECTOR COLON,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d)(1), and Title 28, United States Code, Section 2461, any property, real or personal, constituting, or derived from, any proceeds traceable to the violations charged herein; and any property involved in or used in the violations charged herein, including but not limited to:

    a.    approximately 28 privately made firearms (PMFs) with

no serial numbers; and

    b.    approximately $27,600 in proceeds that the defendants obtained and dissipated as a result of the offenses.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d)(1), and Title 28, United States Code, Section 2461.

JOHN C. GURGANUS
United States Attorney

TRUE BILL

*[signature]*
SCOTT R. FORD
Assistant United States Attorney

*[signature redacted]*
FOREPERSON

1/5/2022
Date