# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:22-CR-0001-01 |
| | : | |
| v. | : | |
| | : | |
| SAMUEL SNADER | : | |
| | : | Judge Jennifer P. Wilson |

## CRIMINAL PRACTICE AND SCHEDULING ORDER

The practice and procedure in all criminal cases shall be in accordance with the Federal Rules of Criminal Procedure, and the Local Rules of the Middle District of Pennsylvania. In addition, **IT IS ORDERED THAT** the above-captioned case will be governed by the following:

**1. Trial.** The trial will commence with the drawing of a jury on **March 7, 2022 at 9:30 a.m.** in Courtroom No. 1, Ninth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. No continuance will be granted except for extraordinary circumstances.

**2. Motions deadline.**

(A) All pretrial motions, except motions in limine, and except for good cause shown, shall be filed by no later than 21 days prior to the commencement of jury selection and trial. The motion must be accompanied by a brief.

(B) A motion for a bill of particulars is governed by Rule 7 of the Federal Rules of Criminal Procedure.

(C) Motions in limine shall be filed not less than five business days prior to the date scheduled for jury selection.

**3. Caption.** The name of the judge to whom this case is assigned shall appear under the case number.

**4. Conference.** Within ten days after the date of this order, the United States Attorney, or one of his assistants, and the attorney for the defendant shall meet in

the United States Attorney's Office, Second Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  At that conference, the government shall:

    (A)    Permit the attorney for the defendant to inspect and copy any relevant written or recorded statements or confessions made by the defendant or copies thereof within the possession, custody, or control of the government, the existence of which is known, or may become known to the attorney for the government;

    (B)    Permit the attorney for the defendant to inspect and copy any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or may become known to the attorney for the government;

    (C)    Permit the attorney for the defendant to inspect and copy any recorded testimony of the defendant before a grand jury which relates to the offense charged;

    (D)    Permit the attorney for the defendant to inspect and copy books, papers, documents, tangible objects, buildings, or places which are the property of the defendant and which are within the possession, custody, or control of the government;

    (E)    Permit the attorney for the defendant to inspect and copy the defendant's prior criminal record in the possession of the attorney for the government;

    (F)    Permit the attorney for the defendant to inspect and copy any exculpatory evidence within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963).  The government may, however, first redact impeachment material that is within the scope of *Giglio v. United States*, 405 U.S. 150 (1972).  The government shall make all *Giglio* material available to the defendant for inspection and copying no less than one week before the start of trial, unless the government demonstrates that unique circumstances in the case require a later disclosure;

    (G)    Produce all evidence which may be the subject of a Rule 12 motion; and

    (H)    If there are multiple defendants named in the indictment, and if the government intends to introduce into evidence in its case in chief a confession made to law enforcement authorities by one defendant which names or makes mention of a codefendant, then the government shall make a copy of that statement

or confession available to counsel for the non-declarant defendant along with a proposal for its redaction to conform with the requirements of *Bruton v. United States*, 391 U.S. 123 (1968). If the government makes no such disclosure and turnover, the confession may not be received at a joint trial of the declarant and non-declarant defendants. If, within ten days after receipt of the confession and its redacted version, counsel for the non-declarant defendant makes no objection to the redacted statement, he will be deemed to have acceded to the admission of the redacted statement into evidence.

5.     **Reciprocal Discovery.**  The defendant shall provide government counsel with a reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) and (B).

6.     **Disclosure Declined.**

(A)  If, in the judgment of the United States Attorney, it would be detrimental to the interests of justice to make any of the disclosures set forth in ¶ 4, disclosure may be declined, and defense counsel advised in writing of the declination on or before the date of the conference between counsel;

(B)  If the defendant seeks to challenge the declination, he may move the court for relief in the following manner:

   (i) no later than seven days after the conference between counsel, the defendant shall file a motion for discovery or inspection;

   (ii) the motion shall set forth (a) a statement showing the date and time that the prescribed conference between counsel was held; (b) the name of the assistant United States attorney with whom the conference was held; (c) all matters which were agreed upon; and (d) the matters which are in dispute and which require the court's determination.

7.     **Continuing Duty.**  Any duty of disclosure and discovery set forth herein is a continuing one, and the United States Attorney shall produce any additional information gained by the government within ten days after receipt thereof, subject to the provisions of ¶ 6 relating to declination of disclosure. The defendant may move to challenge the declination with respect to such additional materials within seven days after the government declines to disclose same.

8.     **Exhibits.**

  (A) The parties shall pre-mark all exhibits which they intend to introduce as part of their case in chief.  One copy of the exhibit list and all exhibits shall be served on the opposing party not later than ten business days prior to the commencement of trial.  Two sets of pre-marked documentary exhibits with an exhibit list in duplicate shall be given to the deputy clerk before jury selection on the day of trial for the court's use.  If more than fifteen exhibits are to used, the sets shall be submitted in separate three-ring binders.  The exhibit list shall be in the form provided on the court's website at www.pamd.uscourts.gov.

  (B) The original exhibits shall be maintained by counsel.

  (C) All parties are expected to use presentation technology available in the courtroom to display evidence.  Training on the equipment shall be arranged in advance of trial with the courtroom deputy. *See* "Programs & Services" page on the court's website at www.pamd.uscourts.gov.

  (D) <u>Jury Evidence Recording System (JERS)</u>.  Counsel for any party who wish to have admitted exhibits electronically displayed to the jury during deliberations shall submit a complete and properly formatted USB flash drive or disc containing the party's exhibit list and exhibits to the deputy clerk no less than five business days prior to jury selection.  Additional information concerning the JERS system may be found on the "Programs & Services" page on the court's website at www.pamd.uscourts.gov

**9.** **Objections to Exhibits.** After reviewing the trial exhibits disclosed in accordance with ¶ 8 of this order, if counsel identify any objection(s) to exhibit(s) and/or the scientific analysis related to any exhibit(s), then counsel are strongly encouraged to file a motion in limine addressing all objections that cannot be resolved by counsel through good faith negotiation and/or stipulation no later than five business days prior to jury selection.

**10.** **Witness Statements.** Counsel shall pre-mark all statements which must be produced pursuant to Federal Rule of Criminal Procedure 26.2 so that no trial delay is encountered at the time the statements are turned over.  Voluntary disclosure at a time earlier than that mandated by the Federal Rule is encouraged in order to avoid delays at trial.

**11.** **Depositions.** If a videotape deposition is to be used at trial, it **must** be accompanied by a transcript of the deposition.

**12.** **Motions.**

  (A) **Concurrence by Opposing Counsel.**  All motions prior to trial shall be written, and shall, with the exception of ex parte motions, contain a certification by counsel for the movant that concurrence in the motion by opposition counsel has been sought and it has been either given or denied.

  (B) **Documents Substantiating Motion.**  When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents shall accompany the motion unless good cause is shown why they cannot be submitted at that time, in which event they shall be filed as soon as reasonably possible.

  (C) **Certificates of Service and Proposed Orders.**  Certificates of service shall be attached to the motion following the certificate of concurrence or nonconcurrence. When filing a proposed order with a motion, include a heading as "Order" rather than "Proposed Order" or "[Proposed] Order."  The court is advised of the "proposed" status of a party's order by virtue of CM/ECF functions.

  (D) **Pretrial Motions.**

   (i) Pretrial motions shall be accompanied by a supporting brief.  If a supporting brief is not filed in conjunction with the motion, the motion will be deemed withdrawn, unless otherwise ordered by the court.

   (ii) A responsive brief shall be filed within ten days of the filing of the motion and brief unless service is by mail, in which case the respondent shall have thirteen days from the date of filing in which to respond.

   (iii) A reply brief may be filed by the original movant in rebuttal to a new matter raised by the respondent's brief.  Such a brief shall be filed within three days after the filing of the responsive brief unless service of the responsive brief is by mail, in which case the reply brief shall be filed within six days of the filing of the responsive brief.  The court reserves the right to rule on any motion without benefit of a reply brief.

   (iv)  Motions for extension of time must be filed before the expiration of the original deadline absent good cause shown.

   (v) The court will not consider motions unless they are supported by briefs which describe the factual background for the motion and cite legal authority for the requested relief.

  (E) **Motions to Extend or Shorten Time.**  A motion to extend or shorten a time period may be granted by the court without waiting for a responsive brief.

   (F) **Ex Parte Motions.**  All requests to the court for the issuance of subpoenas or writs of habeas corpus ad testificandum shall, except for good cause shown, be filed ten days prior to the date set for jury selection and shall state with specificity the proposed testimony of each witness and its relevance to the case. The witnesses shall be listed in the order of preference to the movant.

   (G) **Trial Continuances.**  All continuance motions shall be filed no later than one week prior to the scheduled trial date.  Counsel must request the length of continuance, if a specific time frame is not requested, the court will default to a 30-day continuance.  All continuance motions shall be filed with a proposed order.  Attached to this order is the court's proposed order for continuances.

**13.** **Psychiatric Examination.**  An application for a psychiatric examination of a defendant shall cite the statutory authority under which the examination is sought and shall state the ground(s) on which the necessity of such examination is based.  It shall contain the name of the doctor who is to conduct the examination and a list of three alternative dates and times on which a psychiatrist has agreed to examine the defendant, if the motion is granted.

**14.** **Proposed Voir Dire Questions.**  Proposed voir dire questions shall be filed via CM/ECF no less than four business days prior to jury selection.

**15.** **Joint Voir Dire Statement.**  No later than four business days prior to jury selection, the parties shall jointly file via CM/ECF a brief statement describing the case, which will be read by the court to the prospective jurors during voir dire.  In most cases, this statement should not exceed one paragraph.

**16.** **Proposed Jury Instructions.**  Each party shall file proposed jury instructions via CM/ECF no less than four business days prior to jury selection.  Proposed jury instructions shall be formatted one to a page, and shall identify the relevant authority for the instruction.  Supplemental proposed jury instructions may be submitted for matters arising during the trial which could not reasonably have been anticipated prior to trial.

**17.** **Communication with the Court.**  All requests for court action on a pending criminal matter shall be presented by motion complying with this order and the court's Local Rules.  Any other written correspondence to the court shall be docketed in CM/ECF.  All mail addressed to the court shall be mailed to the Federal Building, P.O. Box 983, Harrisburg, Pennsylvania 17108-0983.  Counsel shall not copy the court on correspondence between counsel unless specifically invited to do so by the court.  No counsel shall meet with the court on a matter

relating to this case in person or by telephone unless opposing counsel is present in person or by telephone. Counsel may contact a law clerk to discuss procedural or scheduling matters, provided that opposing counsel is included in the communication.

**18.    Conflict with Rules of Court or Prior Order.** Should any provision of this order conflict with any Local Rule of the Middle District of Pennsylvania, or any standing order of this court or district, such conflicting provision of this order shall control and the rule of court or standing order shall be suspended in the captioned case to the extent that it conflicts with this order. If any provision of this order conflicts with a prior order in this case, such prior order shall be revoked to the extent that it conflicts with this order.

**19.    Plea Agreements.** All plea agreements shall be reduced to writing prior to the guilty plea hearing and shall be executed by all parties prior to the time of the guilty plea hearing. A copy of the proposed plea agreement shall be filed via CM/ECF at least two business days prior to the date scheduled for the guilty plea hearing. All plea agreements concerning defendants who require the assistance of an interpreter during court proceedings shall be bilingual.

**20.    Daily Schedule.** The following trial schedule will be maintained, unless otherwise ordered by the court: Each morning session will commence at 9:30 a.m. and end at 12:30 p.m. Each afternoon session will commence at 1:30 p.m. and end at 4:30 p.m. There will be a ten minute break at approximately 11:00 a.m. and 3:00 p.m.. The courtroom doors will be locked during lunch hour. Any conference outside the presence of the jury will occur either at 9:00 a.m., or at 4:30 p.m.., and counsel should notify the court as soon as practicable when a conference will be needed.

**21.    Trial Transcripts.** Post-trial motions will be decided without a transcript of testimony unless there are unusual circumstances. Counsel are cautioned to take adequate notes. Failure to do so will not be justification for the transcription of testimony.

**22.    Polling of the Jury.** Any request to have the jury polled must be made before the court enters judgment and excuses the jury.

**23.    Presentence Procedures.** In the event of a guilty plea or conviction, the following presentence procedures shall be followed:

  (A) The court will schedule a presentence conference to follow the preparation of a presentence report by the probation department.

  (B) Prior to the presentence conference, defense and government counsel shall be thoroughly familiar with the contents of the presentence report and defense counsel shall discuss the presentence report with the defendant.

  (C) Following the presentence conference, the court will generally issue a briefing schedule for sentencing memoranda and, if necessary, a scheduling order for a factual hearing if there are disputed facts relevant to sentencing.  The court will also issue a scheduling order for the sentencing hearing at that time.

         s/Jennifer P. Wilson
         JENNIFER P. WILSON
         United States District Court Judge
         Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. |
| | : | |
| v. | : | |
| | : | |
| | : | Judge Jennifer P. Wilson |

## ORDER

**AND NOW**, this ___ day of _____, 20___, upon consideration of [Defendant's/Defendants'] [unopposed] [joint] motion to continue deadlines, Doc. ___, noting the Government's concurrence, **IT IS ORDERED THAT** Defendant's motion, Doc. ___, is **GRANTED**. Pretrial motions shall be filed by _____. Jury selection and trial in the above-captioned action scheduled for _____ are **CONTINUED** to _____**, at 9:30 a.m.**, in Courtroom No. 1, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. The court specifically finds that under 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting a continuance in this matter outweigh the interests of the public and Defendant(s) in a speedy trial. It has been represented to the court that additional time is required for (basis for continuance). The Clerk of Court shall exclude the appropriate time in the above-captioned action pursuant to the Speedy Trial Act and this Order.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania